Francisco Olivencia Velázquez, Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 1154. Submitted November 6, 1944.—Decided December 4, 1944.

*E. López Acosta* for petitioner. The respondent registrar appeared by brief.

Mr. Justice Snyder delivered the opinion of the court.

Francisco Olivencia Velázquez filed an application with the registrar to cancel a condition in the recordation of certain real estate, made on December 12, 1924, that the same was "subject to the liquidation of the conjugal partnership that existed between the predecessor in interest Rosa Velázquez Arroyo and her husband, Francisco Olivencia Pabón". The registrar denied this application on the grounds that no proof of the liquidation of the said conyugal partnership had been submitted and that the said condition could not be cancelled pursuant either to Act No. 19 of July 7, 1936

or to Article 79 of the Mortgage Law, as amended by Act No. 18 of July 9, 1936 (Third Special Session). The petitioner has filed this administrative appeal from that ruling of the Registrar.

The property involved herein was acquired by Francisco Olivencia Pabón while he was married to Rosa Velázquez Arroyo. The latter died intestate in 1918. By order of the district court her legitimate children, and a grandchild, were declared her sole and universal heirs. The said order recognized the usufructuary right of the husband as surviving spouse. He recorded in his name the rights in the undivided portion of the property of his deceased wife that might belong to him as usufructuary and as a member of the conjugal partnership. This recordation was made, as above noted, on December 12, 1924, subject to the liquidation of the conjugal partnership.

Subsequently, the heirs of Rosa Velázquez Arroyo recorded their respective rights as such. And after the death of the father they recorded their rights as heirs of his, presumably in the nature of undivided interests. Thereafter a partition was made between them, the property involved herein being transferred in satisfaction of their hereditary rights to the present applicants.

The applicants rely on Acts Nos. 18 and 19, Laws of Puerto Rico, 1936, Third Special Session. Act No. 18 amends § 79 of the Mortgage Law to read that "A total cancellation may be demanded and must be ordered . . . . 2. When the recorded right is also completely extinguished..." The appellants contend that, by virtue of the aforesaid partition, all the rights that could arise as regards the conjugal partnership were extinguished and that therefore the recorded right is completely extinguished.

■■ The registrar was correct in holding that Act No. 18 is not applicable herein. The partition did not serve to extinguish this condition as a recorded right; the condition

is only a warning that a right may arise when liquidation is made and that the property is subject thereto.

Act No. 19 likewise does not apply to the facts of this case.[1] That Act provides for the cancellation of mentions of property rights or of obligations for payments of money or of purchase prices of real estate, provided ten and five years, respectively, have elapsed since the mention was made. The condition herein does not fall within any of these categories. What the condition indicates is that the property is subject to the contingencies that may arise as a consequence of the liquidation of the conjugal partnership.

■■■■ We have recently held that, upon termination of the conjugal partnership, either of the spouses can record his or her undivided interest, and can even sell this undivided interest which can thus be recorded, all of this to be recorded as subject to the liquidation of the conjugal partnership. *Pérez* v. *Registrar*, 62 P.R.R. 760; *Méndez* v. *Registrar*, 63 P.R.R. 212. As we pointed out in the *Pérez* case, although the best practice is to liquidate the conjugal partnership, recordation of the undivided interest subject to the liquidation is sufficient protection of third parties. By the same token, this protection cannot be withdrawn without proof of liquidation. And as to the contention that any pos-

---

[1] That Act reads, in its pertinent part, as follows:

"On application of a party, authenticated before a notary, the registrars of property shall proceed to cancel in the respective register:

"(a) *Any mentions of property rights* recorded in the old or modern books of the registry, if more than ten (10) years have elapsed since the respective mention was made, when the interested party, within the term of six (6) months from the date on which this Act takes effect, has not requested the entry of the mentioned right or has not brought judicial action to claim his right and entered such claim in the registry.

"*Any such mentions of obligations for the payment of money and for deferred payments of the price of purchase and sale of real property,* whether or not a term has been fixed for complying with the mentioned obligation, as appear in the old or modern books of the registry, if more than five (5) years have elapsed since the respective mention was made, when the interested party, within the term of six (6) months from the date on which this Act takes effect, has not brought judicial action to claim his right and entered such claim in the registry." (Italics ours).

210

sible claims against the community property would now be barred, this is a matter for the courts, not the registrar, to decide.

The ruling of the registrar will be affirmed.